O

# United States District Court
# Central District of California

| | |
|---|---|
| JUAN MORENO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NABIL KHEIR and DOES 1–10,<br><br>　　　　　Defendants. | Case No. 2:14-cv-01000-ODW(RZx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT [27] AND DENYING AS MOOT PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT [33]** |

On June 20, 2014, Defendant Nabil Kheir filed a Motion to Set Aside Entry of Default. (ECF No. 27.) The Clerk of Court entered default against Kheir on June 11, 2014. (ECF No. 23.) Kheir is without counsel and is attempting to represent himself in this action. He states that he has been in communication with counsel for Plaintiff Juan Moreno, and that his failure to answer or otherwise defend this action was due to a misunderstanding of civil procedure. Specifically, Kheir believed that his discussions with Moreno's counsel constituted a response to the Complaint. Kheir now asks that entry of default be set aside so that he may properly defend the case.

Federal Rule of Civil Procedure 55(c) gives a district court the discretion to set aside entry of default upon a showing of good cause. In assessing whether good cause

exists to set aside default, district courts look at three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). Courts must also keep in mind that default judgments are "appropriate only in extreme circumstances" and cases should be decided on the merits whenever possible. *Falk*, 739 F.2d at 463.

The Court finds that good cause exists for setting aside entry of default in this case. Moreno is unlikely to be prejudiced, because this case was filed only a few months ago. Moreover, Moreno has not filed an opposition to the Motion. Kheir indicates that he has a valid defense to Moreno's claims. This action arises under the Americans with Disabilities Act. Kheir indicates that his business complies with accessibility requirements. Furthermore, while Kheir is culpable for the default, the Court finds Kheir's actions to be the result of excusable neglect. But Kheir is warned that his decision to represent himself in this action will not excuse him from compliance with the Federal Rules of Civil Procedure or the Central District of California's Local Rules in the future.

For these reasons, the Court **GRANTS** Defendant's Motion to Set Aside Entry of Default. (ECF No. 27.) Kheir shall file an answer or, in the alternative, a motion to dismiss, no later than 14 days from the date of this Order. Plaintiff Juan Moreno has also filed an Application for Default Judgment. (ECF No. 33.) Since the Court is setting aside the entry of default, the Court **DENIES** the Application for Default Judgment **AS MOOT**.

Finally, the Court advises Kheir that if he has any doubt concerning law or procedure, or has difficulty filing papers on time, he should consult an attorney. And if he cannot afford an attorney, there is a Federal Pro Se Clinic located in the United States Courthouse at 312 N. Spring Street, Room G-19, Main Street Floor, Los Angeles, California 90012. The clinic is open for appointments on Mondays,

Wednesdays, and Fridays starting at 9:30 a.m.  The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions.  Kheir is encouraged to visit the clinic for advice concerning his case.

**IT IS SO ORDERED.**

July 11, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**